Joseph S. Freeland, Paducah, Ky., James A. Crumlin, Louisville, Ky., for plaintiffs.

James H. Warren, Fulton, Ky., for defendants.

**Louella WILBURN et al., Plaintiffs,**

v.

**W. L. HOLLAND, Superintendent, et al., Defendants.**

**Civ. A. 910.**

United States District Court
W. D. Kentucky,
Paducah Division.

Oct. 4, 1957.

SHELBOURNE, Chief Judge.

This case is presently before the Court on defendants' motion to modify the default judgment entered herein on September 10, 1957. The plaintiffs filed response to the motion and, on October 3, 1957, the Court heard testimony of the parties and their witnesses.

The original petition in this action was filed November 16, 1956, by sixteen (16) named plaintiffs against the Fulton City Board of Education, W. L. Holland, Superintendent of Fulton City Schools, and the chairman and individual members of the Fulton City Board of Education. Jurisdiction was invoked under Section 1343 of Title 28 and Section 1983 of Title 42 of the United States Code Annotated. The named plaintiffs are all Negroes allegedly qualified for admission as students in the high school conducted by the defendants in the City of Fulton, Kentucky. The plaintiffs sought interlocutory and permanent injunctions requiring the defendants to immediately admit the plaintiffs and all other Negroes in the class represented by the named plaintiffs, restraining and enjoining the defendants from denying admission to the high school at Fulton, Kentucky, to all of the class of which plaintiffs are members. It was alleged that, on August 4, 1955, plaintiffs had petitioned the Board of Education to cease its alleged discriminatory practice of excluding the

* See I.C. §§ 32–906, 32–912.

Negro children within the school district because of their race and that, on September 5, 1955, certain of the plaintiffs presented themselves for admission as students in the Fulton High School and were refused admission solely because of their race and color.

The defendants filed answer alleging, among other things, that the plaintiffs were being transported to high schools located outside of Fulton, and that they had been assigned to other schools and were not legally entitled to admission in the Fulton High School during the school year 1955-1956. It was further alleged that a committee had been appointed to recommend a plan of integration, but at the time the answer was filed no plan had been presented by such committee. A separate motion to dismiss was filed. It raised the technical question of the proper name of the school board and the plaintiffs, with leave of the Court, filed their amendment to correct that irregularity.

By an order entered on February 5, 1957, the defendants were directed to amend their pleadings herein by filing with the Court, on or before March 25, 1957, "a comprehensive plan for the abolition and elimination of the alleged unconstitutional practices complained of in plaintiffs' complaint." This order was entered after a pre-trial conference with counsel for both parties. The defendants ignored the order of the Court and failed to file any plan for integration of Fulton High School as directed, and did not advise the Court, by pleading or informally, of any decision or purpose to ignore or disregard the order.

Under date of May 24, 1957, the plaintiffs filed interrogatories under Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. and, on May 28, 1957, filed fifteen (15) separately numbered requests for admission. The defendants ignored both the interrogatories and the requests for admission.

Subsequently, on June 14, 1957, the plaintiffs filed a motion for a default judgment, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. This motion was supported by the affidavit of one of plaintiffs' counsel, setting forth the facts with respect to the defendants' disregard of the Court's order requiring defendants to submit a plan of integration and defendants' failure and refusal to file response to the requests for admission and answers to the interrogatories. Notwithstanding the fact this motion was filed on June 14, 1957, a default judgment was not signed by the Court until September 10, 1957, the Court being of the opinion that perhaps the defendants had formulated a plan of integration at Fulton High School for the term of school beginning on September 2, 1957. Meanwhile, most of the plaintiffs had been entered as students in other high schools; some in the high school at Martin, Tennessee, and others in a high school at Hickman, Kentucky, which schools are shown to have begun their 1957-1958 term in the month of July.

The judgment submitted by the plaintiffs and signed and entered by the Court mandatorily enjoined the defendants to admit the plaintiffs, and such other members of the class represented by them, who applied for admission to the Fulton High School "at the next regular term or semester of said school" upon the same terms and conditions as were applied by defendants to applicants for admission who are of the White Race.

Shortly following the entry of the judgment, defendants' counsel requested a conference with the Court and plaintiffs' attorney to have determined whether the intent of the judgment was to require admission of the plaintiffs, and members of the class represented by the plaintiffs, to Fulton High School in the term of school which had begun on September 2, 1957. The defendants were informed by the Court at that conference that it was the intent and purpose of the Court in said judgment to require the admission of such of the plaintiffs, and the class represented by them, as met the requirements and possessed the qualifications generally necessary for admission as students in the

Fulton High School to the term of said school which began September 2, 1957. Whereupon, defendants filed the present motion seeking a modification of the judgment so as to make its mandatory injunctive provisions effective for the school year 1958–1959, saying that all things necessary to be done to orderly integrate Negro students resident within the school district would be done.

The allegations of the motion and the defendants' testimony by Superintendent W. L. Holland were to the effect that all of the plaintiffs and all of the members of the class represented by the plaintiffs are presently, and have been since some date in July, 1957, enrolled in high school either at Hickman, Kentucky, or at Martin, Tennessee, and are all supplied with textbooks and equipment which could not be utilized by them as students in the Fulton High School. It was shown that Fulton High School for many years past has not had semesters and that, with the exception of one course of study, the students use the same textbooks for the entire school year. It was further shown that the student body of Fulton High School increased at the beginning of the present school year, 1957–1958, and that the classes are about up to the capacity of the teaching staff and physical equipment. It was testified by Superintendent Holland that a transfer by the plaintiffs, and the members of the class represented by them, from the schools they are now attending to the Fulton High School would almost inevitably result in the students having to be classified in lower grades than those in which they are now classified, and that there would be a delay of from four to six weeks in supplying them with textbooks should they now be enrolled.

While plaintiffs' counsel did not specifically concede that the handicaps to the plaintiffs as students in Fulton High School during the present school year would be as great as were suggested by Superintendent Holland, it was apparent to the Court that plaintiffs' counsel recognized the probability that some handicaps and hardships might result from an immediate transfer of the plaintiffs to the Fulton High School. Plaintiffs' counsel stated that they desired to make no concession as to the plaintiffs' right to enter Fulton High School at this time; however, if it was the opinion of the Court that the welfare of the children and their education would be impeded or handicapped and if the authorities in charge of Fulton High School would in good faith inaugurate an orderly plan and program for the full integration of the school prior to the school year beginning 1958–1959, plaintiffs' counsel suggested that it might be in the best interest of all concerned, and within the meaning of the Supreme Court's idea of "deliberate speed" in the integration of schools, to modify the judgment and defer the injunctive mandate of the Court until after the end of the present school year.

It is apparent to this Court that had the defendant authorities in charge of the Fulton High School manifested the same degree of interest and apparent cooperation prior to the entry of the original judgment in this action as has been exemplified by them since that event we would have no problem at this time and by this time an orderly integration would have been consummated. The Court feels an element of partial responsibility in the delay in the entry of the default judgment.

But, regardless of where the fault may be laid, it is apparent at this time to the Court that the former judgment should be modified. As of this date a separate order is entered modifying the original judgment so as to require, under mandatory injunction, the defendants to inaugurate an orderly plan and procedure to integrate the Fulton High School, eliminating any discrimination of the plaintiffs, and the members of the class represented by them, who may apply for admission as students at the beginning of the school term for the school year 1958–1959.